## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

ROBERT MARTINI and DIANE
MARTINI,

       Plaintiffs,

v.                                  Case No:  2:15-cv-658-FtM-38CM

BRIDGEWATER INN OF
MATLACHA, LLC and LOWELL T.
SPILLANE,

       Defendants.

_____

### REPORT AMD RECOMMENDATION[1]

This matter comes before the Court upon review of Joint Motion and Memorandum of Law in Support of Request for Approval of Settlement (Doc. 24)[2] filed on March 31, 2016.

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1. **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

[2] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

The parties request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claims for unpaid minimum and overtime wages. Docs. 1, 24.   For the reasons set forth herein, the Court recommends that the settlement be **APPROVED**.

To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA.   *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).   There are two ways for a claim under the FLSA to be settled or compromised.   *Id.* at 1352-53.   The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353.   The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover overtime wages.   *Id.*   When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable.   *Id.* at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for overtime wages because the lawsuit

> provides some assurance of an adversarial context.   The employees are likely to be represented by an attorney who can protect their rights under the statute.   Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.   If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354. "Short of a bench trial, the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement. . . . If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable. *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009). Nevertheless, the Court must scrutinize the settlement to determine whether it is a "fair and reasonable resolution of a bona fide dispute." *Lynn's Food Store, Inc.*, 679 F.2d at 1355.

In this case, Plaintiffs were employed by Defendants as innkeepers. Doc. 1 at 2 ¶ 12. The complaint alleges that Defendants failed to pay Plaintiffs in accordance with the FLSA. *Id.* at 3 ¶¶ 18, 27. In their answers to the Court's interrogatories, Plaintiffs claimed they were each owed a total of $3,969.41, plus liquidated damages, attorney's fees, and costs. Doc. 18 at 4 ¶ 7.e. In the proposed Settlement Agreement, Defendants agreed to pay each Plaintiff $2,750.00 for alleged overtime wages, $2,750.00 for liquidated damages, and $500.00 as consideration for a general release. Doc. 24-1 at 2 ¶ 3.A. The parties submit that the partial compromise was a reflection of Defendants' arguments that they had no liability whatsoever, that Plaintiffs had been paid in full for all hours worked, and their assertion of numerous affirmative defenses. Doc. 24 at 2. Moreover, they state that Plaintiffs' initial estimates were made without the benefit of all records and information because they answered the Court's interrogatories without the benefit of any discovery. *Id.* The parties exchanged documents regarding time worked by Plaintiffs and these records corroborated Defendants' arguments that Plaintiffs may have worked slightly less

than they claimed.   *Id.* at 3.   Additionally, the parties state that they considered "Defendants' precarious financial condition" and "[t]he present value of being awarded settlement today rather than facing the prospects of litigation and the time and risks involved with same."   *Id.*

Based on the parties' representations and the policy in this circuit of promoting settlement of litigation, the Court finds the proposed settlement to be a fair and reasonable compromise of the dispute.   Other courts in this district similarly have approved settlements for a compromised amount in light of the stipulation of the parties, strength of the defenses and the expense and length of continued litigation, as the parties have recognized here.   *See e.g.*, *Diaz v. Mattress One, Inc.*, No. 6:10-CV-1302-ORL-22, 2011 WL 3167248, at *2 (M.D. Fla. July 15, 2011), *report and recommendation adopted*, No. 6:10-CV-1302-ORL-22, 2011 WL 3166211 (M.D. Fla. July 27, 2011); *see also Dorismond*, 2014 WL 2861483; *Helms*, 2006 WL 3858491.

As part of the settlement, Defendants further agree to pay Plaintiff's attorney's fees in the amount of $6,500.   Doc. 24-1 at 2 ¶ 3.A.   The parties assert that the amount of attorneys' fees was negotiated separately from Plaintiffs' recovery.   Doc. 24 at 5.   The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."   *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).   Pursuant to *Bonetti,* 715 F. Supp. 2d at 1228,

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is

> for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.  If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

In the instant case, the settlement was reached and the attorneys' fees and costs were agreed upon separately and without regard to the amount paid to the Plaintiffs.  Doc. 24 at 5.  Thus, having reviewed the settlement agreement (Doc. 24-1), the Court finds the proposed monetary terms of the settlement to be a fair and reasonable compromise of the dispute.

The Court notes that the parties have included mutual general releases of claims.  Doc. 24-1 at 2 ¶ 5.  As noted, each Plaintiff is to receive $500.00 as consideration for a general release.  In FLSA cases, general releases are typically disfavored because "a pervasive release in an FLSA settlement confers an uncompensated, unevaluated, and unfair benefit on the employer." *Moreno v. Regions Bank*, 729 F.Supp.2d 1346, 1352 (M.D. Fla. 2010) (holding that the proposed FLSA settlement agreement was unfair and precludes evaluation of the compromise because of the pervasive and unbounded scope of the release).  Other courts within this district have approved general releases in FLSA cases when the plaintiff receives compensation or other consideration that is separate and apart from the benefits to which plaintiff is entitled under the FLSA.  *See e.g., Weldon v. Backwoods Steakhouse, Inc.*, 6:14–cv–79–Orl–37TBS, 2014 WL 4385593, at *4 (M.D. Fla. Sept. 4, 2014) (approving a settlement agreement that contained a general release and non-disparagement agreement because they were exchanged by a separate payment in

addition to the sum the employee would receive from the FLSA settlement); *Buntin v. Square Foot Management Company, LLC*, 6:14–cv–1394–Orl–37GJK, 2015 WL 3407866, at *2 (M.D. Fla. May 27, 2015) (approving a settlement agreement that contained a general release because it was exchanged by a mutual general release and a neutral reference by employer).   Here, because the general releases by Plaintiffs were supported by independent consideration, they do not render the agreement unfair or unreasonable.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

Joint Motion and Memorandum of Law in Support of Request for Approval of Settlement (Doc. 24) is **GRANTED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 9th day of June, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record